No. 345

CIN. TRAC. CO. v. WILLIAMS

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2681.    Decided Nov. 23, 1925

225. CHARGE TO JURY—1. Where negligent act of commission is correctly charged, fined, and such act of omission is eliminated fined, and such act of commission is eliminated by finding on negligent act of commission such error in definition is not prejudicial.

2. Charge having been given that negligence must be proven by a preponderance of evidence, further charge on amount of evidence is not prejudicial.

HAMILTON, J.

George Williams, a helper on a truck was injured when the truck upon which he was riding was struck by a street car operated by the Cincinnati Traction Co. Said truck was pushed along in front of car about forty feet and driven forward against a parked automobile, catching Williams between said truck and automobile and severely injuring him.

The court in its charge to the jury defined negligence as follows: "Negligence is defined as the doing of what an ordinarily careful and prudent person would not have done under the same or similar circumstances, or the failure to do that which an ordinarily careful and prudent person would not have done under the same or similar circumstances." The Traction Co. excepted to this charge.

The court further charged that "If you should find from the evidence that defendant was not negligent as charged in the petition, and that plaintiffs injuries were caused solely by the negligence of the driver of the truck, then your verdict should be for the defendant."

The Company urged that this charge was erroneous in that it necessitated the jury finding on both propositions before a judgment could be had in its favor. The Company also excepted to the charge of the court as to the evidence necessary to maintain the action. The Hamilton Common Pleas found for Williams. The Court of Appeals held:

1. The last part of the definition of negligence, although incorrect, is not prejudicial

to the Company in that a negligent act of commission and not one of omission is charged by Williams.

2. The negligent act of commission is properly stated in the first part of the charge, and if jury found on that point it would eliminate the negligent act of omission.

3. In view of the fact that the court had already charged that Williams, in order to recover, must show negligence of the Company by a preponderance of the evidence, further charge on the amount of evidence was not prejudicial error.

4. As the verdict is not contrary to the weight of the evidence and as substantial justice was done, judgment is affirmed.

Judgment affirmed.

Attorneys—James G. Stewart, for Company; Gusweiler, Foster & Lambert for Williams; all of Cincinnati.